

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL IOANE,<br><br>    Plaintiff,<br><br>vs.<br><br>INTERNAL REVENUE SERVICE,<br><br>    Defendant. | 3:09-cv-00243-RCJ-RAM<br><br>ORDER |

This case arises out of the IRS' alleged refusal to comply with a Privacy Act and Freedom of Information Act ("FOIA") request. Pending before the Court are two motions for summary judgment—one motion per remaining claim—and a motion for in camera review of withheld and redacted documents. For the reasons given herein, the Court grants Defendant's motions for summary judgment and denies Plaintiff's motion for in camera review of the withheld and redacted documents.

I.     FACTS AND PROCEDURAL HISTORY

On February 20, 2009, Plaintiff Michael Ioane mailed "the director" a Privacy Act and FOIA request (the "Request"). (Compl. ¶ 5, May 11, 2009, ECF No. 1).[1] Defendant failed to timely respond to Plaintiff's satisfaction under 5 U.S.C. §§ 522(a)(6)(i) and 522a(d)(2). (*Id.* ¶ 6).

Plaintiff sued Defendant, the Commissioner of Internal Revenue, in pro se in this Court

---

[1] Plaintiff likely means the Commissioner of the IRS.

1  on two indistinct causes of action. (*See* Compl.). The Amended Complaint ("AC") listed three
2  (still indistinct) causes of action. (*See* Am. Compl., July 13, 2009, ECF No. 6). The
3  Commissioner moved to dismiss the first and third causes of action, and Plaintiff moved to
4  amend, both to add claims and to add the Department of Justice as a Defendant. The Court
5  dismissed the first cause of action by stipulation and the third on the merits (Plaintiff had mailed
6  his FOIA request to an improper entity) and because the motion to dismiss was unopposed. The
7  Court granted Plaintiff leave to amend in part, to add an additional claim. Plaintiff then filed the
8  "Third Amended Complaint," which in reality is the Second Amended Complaint ("SAC"). (*See*
9  Second Am. Compl., Aug. 5, 2010, ECF No. 47). The SAC lists eight claims, but as Defendant
10 correctly notes in the Answer, only the second and fourth claims therein are operative. The first
11 and third claims have been dismissed, and after granting leave to file the fourth claim, the Court
12 denied a later request to further amend to include claims five through eight. The second and
13 fourth claims are therefore the only claims remaining. Finally, the Court has granted a request to
14 re-caption the case as *Ioane v. IRS*, vice *Ioane v. Commissioner*.

15       Defendant has filed two motions for summary judgment—one against each remaining
16 claim. Plaintiff has filed four oppositions to the motion for summary judgment as to the second
17 claim and no opposition to the motion for summary judgment as to the fourth claim. Plaintiff has
18 also requested in camera review of the documents Defendant has withheld. Plaintiff did not
19 appear at the February 22, 2011 hearing.

20 **II.    LEGAL STANDARDS**

21       An agency bears the burden of proving it may withhold documents under a
    FOIA exemption. 5 U.S.C. § 552(a)(4)(B); *U.S. Dep't of State v. Ray*, 502 U.S. 164,
22     173 (1991). It may meet this burden by submitting affidavits showing that the
    information falls within the claimed exemption. *Minier v. CIA*, 88 F.3d 796, 800 (9th
23     Cir. 1996). "In evaluating a claim for exemption, a district court must accord
    substantial weight to [agency] affidavits, provided the justifications for nondisclosure
24     are not controverted by contrary evidence in the record or by evidence of [agency]
    bad faith." *Id.* (internal quotations omitted).
25

1  *Milner v. U.S. Dep't of the Navy*, 575 F.3d 959, 963 (9th Cir. 2009) (citations to unofficial reporters omitted).

## III. ANALYSIS

Plaintiff's remaining claims—the second and fourth—allege that Plaintiff made FOIA and Privacy Act requests for the release of certain information on July 7, 2008[2] and August 25, 2009, respectively. (*See* Second Am. Compl. 2–3 & Exs. C, H).[3] Plaintiff alleges the requests were denied and that he has exhausted administrative remedies. (*See id.*).

### A. Second Cause of Action - July 7, 2008 Request

Defendant denied Plaintiff's request in part. Defendant withheld 53 pages in full and 126 pages in part out of 304 pages located in response to Item 5. (*See* Letter 1, Sept. 11, 2008, ECF No. 47, at 11). Defendant cited several FOIA exemptions for the withholdings: exemption (b)(3) (information exempted from disclosure by another law—tax information of another person under I.R.C. § 6103(a) and release would impair federal tax administration under I.R.C. § 6103(e)(7)); exemption (b)(5) (deliberative process, attorney work product, and attorney–client privileges); exemption (b)(7)(A) (records compiled for law enforcement purposes, disclosure of which could interfere with enforcement proceedings); exemption (b)(7)(C) (personal information in law

---

[2] In the SAC, Plaintiff refers not to the date he made the request, but to the date of the response from the IRS, September 11, 2008.

[3] Plaintiff does not label his exhibits, but a painstaking review of the evidence attached reveals his July 7, 2008 request and the September 11, 2008 response thereto. A November 2, 2009 response from Disclosure Office 13 indicates that the office received a letter dated May 29, 2009 that was separately hand-dated as August 25, 2009. Elsewhere in the attachments appears a letter with no fewer than *four* dates: May 29, 2009 in the heading; August 25, 2009 at the top of the first page (handwritten); December 31, 2009 in the middle of the first page (handwritten); and May 31, 2009 at the bottom of the last page (partially handwritten). Presumably, this is the letter Plaintiff refers to as Exhibit H in support of his fourth claim, because it appears to be the only piece of evidence bearing the date (among other dates) August 25, 2009. This will be referred to as the May 29, 2009 request, however, because May 29, 2009 is the typewritten date in the heading of the request, and there exist various multi-generational copies of this document with various handwritten dates in various locations.

enforcement records, disclosure of which could reasonably be expected to constitute an invasion of privacy); and exemption (b)(7)(D) (records compiled for law enforcement purposes, disclosure of which could disclose the identity of a confidential source). Defendant denied Items 6, 9, 10, and 11 as redundant with Item 5. Defendant requested additional information with respect to Items 7 and 8 because Plaintiff requested information about a trust without establishing he was the trustee or beneficiary.

Defendant's claims of exemption are supported by a detailed, thirty-one paragraph affidavit explaining the exemptions applying to each piece of withheld information, (*see* Caban Aff., Oct. 8, 2010, ECF No. 53-2), and Plaintiff produces absolutely no contrary evidence in response or any evidence giving any indication of bad faith. Attached to his four responses, Plaintiff produces only a declaration recounting the procedural history of the case in part and claiming that he has not received the documents that have been withheld. (*See* Ioane Decl., Oct. 27, 1010, ECF No. 62, at 4; *id.*, ECF No. 69, at 4). The Court grants the motion for summary judgment as against the second cause of action.

**B.     Fourth Cause of Action - May 29, 2009 Request**

Defendant denied Plaintiff's request concerning certain criminal cases and other documents belonging to the Department of Justice originally because it could not by law release documents belonging to another agency, even if in the possession of the IRS. Defendant later conducted a more thorough search and identified some responsive documents, some of which it released in full or in part. Defendant assigned the search to Alicia Goldstein, who noted that Agent Michele Casarez of the Oakland, California Field Office of the Criminal Investigation Department was assigned to Plaintiff's criminal case and that Casarez would therefore have any responsive information in the IRS' possession. Casarez' search identified 135 pages of responsive documents and a sealed grand jury document. No documents were located pertaining to Items E through H of the request. Defendant released 20 unredacted pages and 14 redacted

pages, and it withheld 101 pages, including the grand jury document. Defendant identifies the following exceptions: Exemption 3 in conjunction with I.R.C. § 6103(a) and Fed. R. Crim. P. 6(e); Exemption 6; and Exemption 7(C).

Defendant's claims of exemption are supported by a detailed, twenty-nine paragraph affidavit explaining the exemptions applying to each piece of withheld information, (*see* Goldstein Aff., Nov. 23, 2010, ECF No. 65-2), and Plaintiff produces absolutely no contrary evidence in response or any evidence giving any indication of bad faith. The Court grants the motion for summary judgment as against the fourth cause of action.

### C.  Motion for In Camera Review

In camera review is appropriate only "[u]nder certain limited circumstances" where the pubic affidavit supporting the exemptions (the "*Vaughn* index") is "too vague." *Lion Raisins v. U.S. Dep't of Agric.*, 354 F.3d 1072, 1082 (9th Cir. 2004). The public affidavits submitted in this case are detailed enough to support summary judgment in the absence of contrary evidence of evidence of bad faith. Plaintiff has provided no such evidence.

### CONCLUSION

IT IS HEREBY ORDERED that the Motions for Summary Judgment (ECF Nos. 53, 65) are GRANTED. As these motions dispose of all remaining claims, the Clerk shall close the case.

IT IS FURTHER ORDERED that the Motion for In Camera Review (ECF No. 68) is DENIED.

IT IS SO ORDERED.

Dated this 25th of February, 2011.

_____
ROBERT C. JONES
United States District Judge